UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Palmetto Bank, | ) | C/A No.: 6:08-cv-4072-GRA |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | (Written Opinion) |
| v. | ) | |
| | ) | |
| BankFirst and Marshal Group, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on the Defendant Bank First's motion to dismiss for improper venue. Defendant makes its motion pursuant to Federal Rule of Civil Procedure 12(b)(3). For the reasons stated herein, this Court DENIES the defendant's motion. However, the Court transfers the case to the Federal District Court in Minnesota pursuant to 28 U.S.C. §1404(a).

BACKGROUND

The Palmetto Bank ("the plaintiff") filed this case in the Court of Common Pleas in Greenville County South Carolina alleging various causes of action arising out of an alleged breach of a loan participation agreement between BankFirst and Palmetto Bank. Defendant BankFirst removed the action to federal court on December 18, 2008. BankFirst was the lender for a loan made to Watermark Marina of Wilmington, LLC. Marshal Group acted as BankFirst's agent by monitoring construction at Watermark. The plaintiff agreed to purchase an interest in the loan from BankFirst as set out in the

loan participation agreement ("Agreement").  In the Agreement, there is a "forum selection clause" that states:

> This Agreement shall be deemed to constitute a contract under and shall be construed and enforceable in accordance with the laws of the State of Minnesota and within the jurisdiction of Minnesota.

BankFirst contends that this language in the agreement constitutes a forum selection clause and therefore this case should be dismissed for improper forum.  The plaintiff argues that the defendant cannot contest venue after removal and that venue is not mandatory in Minnesota, it is merely permissible.  The Court agrees that the language constitutes a mandatory forum selection clause, but disagrees that the case ought to be dismissed.

## DISCUSSION

Rule 12(b)(3) is not a proper procedural mechanism for enforcing a forum-selection clause in cases removed from state to federal court. *Kerobo v. Southwestern Clean Fuels, Corp*. 285 F.3d 531 (6th Cir. 2002).  After removal, the defendant cannot allege that venue is inappropriate under Rule 12(b)(3) as they have waived the right to contest venue according to the removal statute.  When a case is removed, venue is governed solely by 28 U.S.C. §1441(a).  The removal statute provides that venue is proper in the federal district and division embracing the court where the action was filed.  *See* 28 U.S.C. § 1441(a); *Polizzi v. Cowles Magazines, Inc*., 345 U.S. 663, 665-667 (1953).  After a defendant removes a case, he may not argue the venue is

inappropriate. However, he may argue, and the court may address a transfer pursuant to 28 U.S.C. § 1404(a).

According to 28 U.S.C § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Transfer is within the discretion of the court. *Id*; *Commodity Futures Trading Comm. v. Savage*, 611 F.2d 270, 279 (9th Cir.1979).

The Supreme Court in *Stewart Organization, Inc. v. Ricoh Corp.*, 478 U.S. 22 (1988), stated that a forum selection clause should be addressed according to federal law and is a factor to be considered in a §1404(a) analysis. The existence of a valid forum selection clause is not dispositive, it must be considered under the convenience and fairness factors. Under § 1404(a), the court must consider whether the transfer will be more convenient for the parties and witnesses and if the transfer is in the interest of justice. In *Ricoh*, the Supreme Court stated that a forum selection clause is a significant factor to consider in an 1404(a) transfer analysis but it must be weighed against other factors in the balancing test.

First, the Court must consider the convenience of the witnesses and the parties. Bank First has stated that the only employees involved with the Agreement reside in Minnesota. Nine of the eleven former employees involved with the Agreement reside in Minnesota. Two former employees reside in other states. The majority of the witnesses for Bank First reside in Minnesota. Defendant Marshall Group has it home

offices in Minnesota and many of its employees likely reside in Minnesota. The Court notes that the plaintiff resides in South Carolina and they chose their forum in South Carolina. However, the distance to Minnesota is not such a burden so as to make the transfer unreasonable. Transferring the case would be convenient for the witnesses and for both the defendants.

Second, the Court must consider the interests of justice. In considering the "interests of justice" a court is to consider public interest factors such as the efficient administration of the courts, conserving judicial resources, avoiding congestion and avoiding the difficulties of applying another state's law. *Ricoh*, 487 U.S. 22, 30. Although this Court is capable, Minnesota would be best suited to apply its own laws, so transfer is justified.

Lastly, the court should consider the forum selection clause. A forum-selection clause is "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). A forum selection clause is unreasonable if (1) it was the result of "fraud or overreaching"; (2) "trial in the contractual forum [would] be so gravely difficult and inconvenient [for the complaining party] that he [would] for all practical purposes be deprived of his day in court"; or (3) "enforcement would contravene a strong public policy of the forum in which suit is brought[.]" *Id.* at 15-18; *Allen v. Lloyd's of London*, 94 F.3d 923, 928 (4th Cir.1996). Absent a showing that the chosen forum is unreasonable or was imposed by fraud or

unequal bargaining power, the parties' choice should be enforced.  The party claiming the clause is unreasonable or invalid bears the burden of establishing such.  *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972).  The plaintiffs have not alleged that the clause is unreasonable.  They urge that the clause is merely permissive and its is against South Carolina public policy.  This Court disagrees and finds that the clause is reasonable.

The forum selection clause is mandatory, not permissive.  According to *Intracomm, Inc. v. Bajaj*, 492 F.3d 285, 290 (4th Cir. 2007), the Fourth Circuit stated that "'an agreement **conferring** jurisdiction in one forum will not be interpreted as **excluding** jurisdiction elsewhere unless it contains specific language of exclusion.'" (internal citations omitted, emphasis added by 4th Circuit).  The language in the clause must be obligatory language directing disputes to be resolved only in that particular forum.  The plaintiff's argument is that "shall be . . . enforceable" is merely permissive.  It does not exclusively confer jurisdiction in Minnesota.  According to *Blacks Law Dictionary*, "shall," as used in contracts, means "imperative or mandatory."  *Blacks Law Dictionary* 1375 (6th Ed. 1990).  "'Shall' is a word of command, and one which has always or which must be given a compulsory meaning; as denoting obligation."  *Id.*  Considering the wording and the definition of "shall," the Court finds the forum selection clause is mandatory.

South Carolina courts routinely uphold forum selection clauses.  *See Firestone Fin. Corp. v. Owens,* 419 S.E.2d 830 (S.C. App.1992)(enforcing a interstate forum

selection clause). There is not a strong public policy against forum selection clauses in South Carolina. In addition, a state's "disfavor" of forum selection clauses is not sufficient to rebut the strong federal policy in favor of forum selection clauses. *Atlantic Floor Services, Inc. v. Wal-Mart Stores, Inc*., 334 F.Supp.2d 875 (D.S.C. 2004)(citing *Ricoh* 487 U.S. at 31). The Court finds that this clause is not against public policy.

Considering the convenience of the parties, the interests of justice and the existence of a valid, mandatory forum selection clause, this Court finds that it is appropriate to transfer the case to Minnesota pursuant to 28 U.S.C. § 1404.

IT IS THEREFORE ORDERED that the defendant's motion to dismiss is DENIED.

IT IS ALSO ORDERED that the case be transferred to Minnesota pursuant to 28 U.S.C. § 1404.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

January  27 , 2009